UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

CHRISTOPHER CONNOLLY,

      Plaintiff,

      - against –

TOPPOP, LLC and ICONIC BRANDS, INC.,

      Defendants.

------------------------------------------------------------------x

23 Civ. 3759

**COMPLAINT**
**AND JURY DEMAND**

Plaintiff Christopher Connolly, by his attorneys, Bantle & Levy LLP, as and for his complaint against Defendants TopPop, LLC ("TopPop") and Iconic Brands, Inc. ("Iconic" and, collectively with TopPop, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action stemming from Defendants' failure to pay commissions due and owing Connolly in violation of the New Jersey Sales Representatives Rights Act, N.J. Stat. Ann. § 2A:61A *et seq.* (the "SRRA"). Plaintiff seeks declaratory relief and damages.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. § 1332 insofar as this action is between citizens of different states and the amount in controversy exceeds $75,000.

3. A substantial part of the acts giving rise to this action were committed within the district of the United States District Court for the Eastern District of New York, and venue is properly lodged in this Court pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff Christopher Connolly is a citizen of the State of Connecticut.

5. At all times relevant herein, Connolly was a "sales representative" within the meaning of the SRRA, N.J. Stat. Ann. § 2A:61A-1(c).

6. Upon information and belief, Defendant TopPop is a limited liability company organized under the laws of the State of New Jersey that is headquartered at 4 East Stow Road, Marlton, New Jersey 08053.

7. Upon information and belief, TopPop is a manufacturing and packaging company that specializes in single-use flexible food and beverage packaging.

8. Upon information and belief, Defendant Iconic is a domestic corporation organized and existing under the laws of the State of New York that is headquartered at 44 Seabro Avenue, Amityville, New York 11701.

9. Upon information and belief, Iconic is a vertically-integrated beverage company.

10. Upon information and belief, TopPop is a wholly-owned subsidiary of Iconic.

11. At all times relevant herein, TopPop and Iconic are and were "principals" within the meaning of the SRRA, N.J. Stat. Ann. § 2A:61A-1(b).

## STATEMENT OF FACTS

*Connolly and TopPop Enter into a Commission Agreement*

12. Connolly is a highly-experienced sales representative with 31 years of sales and marketing experience in the food and beverage industry.

13. In or about November 2019, Connolly was recruited by TopPop's founder and CEO, Tom Martin, to join TopPop as a commission-based sales representative after participating in several customer meetings to discuss new product development and TopPop's manufacturing capabilities and packaging services.

2

14. Subsequently, Connolly and TopPop entered into a commission agreement, dated December 6, 2019 (the "Commission Agreement"). (A true and correct copy of the Commission Agreement is annexed hereto as Exhibit A.)

15. The Commission Agreement states that it is to be "governed by, interpreted under, construed and enforced in accordance with the laws of the State of New Jersey" and that it is "enforceable by or against [TopPop's] successors and assigns."

16. Pursuant to Paragraph 1 of the Commission Agreement, Connolly is entitled to a five percent (5%) commission on the gross revenue collected by TopPop stemming from his sales.

17. The Commission Agreement further provides that Connolly's commissions are to be "paid on a monthly basis on revenue collected during the preceding month" and requires TopPop to "provide" Connolly "with a calculation of the commission with each payment."

18. By its terms, the Commission Agreement is terminable upon 30-days written notice by either party for a reason other than "cause."

19. In the event of its termination for a reason other than cause, the Commission Agreement provides that Connolly's commissions are to continue to "be paid out for 24 months after termination as long as the account has continued business and that the account is in good financial standing."

*Connolly Experiences Immediate Success for TopPop*

20. Connolly experienced immediate success as a commission salesperson for TopPop.

21. In accordance with the Commission Agreement, TopPop paid Connolly the monthly commissions he was entitled to (and furnished him with an accounting for each payment) from December 2019 through in or about September 2022.

*TopPop is Acquired by Iconic*

22. Upon information and belief, Iconic acquired TopPop in or about July 2021.

23. Upon information and belief, Martin was subsequently made interim CEO of Iconic.

24. Following his appointment as interim CEO of Iconic, Martin advised Connolly that Iconic and TopPop were being run and managed as a single entity (the "Company") and that Iconic had assumed responsibility for Connolly's continued work for and relationship with TopPop, including pursuant to the Commission Agreement.

*Connolly's Sales Success Continues After Iconic's Acquisition of TopPop*

25. Between in or about October 2022 through February 2023, Connolly introduced new customers and generated substantial sales for the Company.

26. Among other business closed during that period, Connolly obtained deals for the Company with DeeBee's Organics, Shine Water, CoorsLight (via Mischief Agency), Sweet Nothings, and MIZO Hard Lemonade.

27. Upon information and belief, the DeeBee's Organics deal alone is expected to generate at least $5,000,000 in revenue for the Company in 2023 and a minimum of $3,800,000 in 2024 and 2025 per the 3-year production agreement.

28. Based solely on the DeeBee's Organics deal, the Commission Agreement entitled Connolly to $250,000 or more in commissions in 2023 and at least $183,750 in commissions in 2024 and 2025.

*Defendants Refuse to Pay Connolly Commissions Owed Him and Terminate the Commission Agreement*

29. Beginning in or about October 2022, the Company ceased issuing the commission payments owed Connolly and, beginning in or about December 2022, ceased providing him with the monthly accountings he was entitled to under the Commission Agreement.

30. In response, Connolly repeatedly requested that the Company promptly make payment of the commissions owed him and provide all required accountings.

31. Although the Company repeatedly assured Connolly that payment was imminent, it failed to make any commission payments to him or provide him with an accounting.

32. By email dated March 2, 2023, Richard J. DeCicco, Iconic's President and Chairman of its Board of Directors, notified Connolly that the Company was terminating the Commission Agreement.

33. In that email, DeCicco informed Connolly that "I am driving this ship now with my crew" and promised Connolly that "we will reconcile what we owe you and settle our business together."

34. Subsequently, DeCicco confirmed to Connolly that Iconic had "inserted ourselves into the TopPop business."

35. Consistent with its thirty (30) day notice period, the Company terminated the Commission Agreement effective April 1, 2023.

36. The Company's termination of the Commission Agreement was not for "cause."

37. More than thirty days have passed since the Commission Agreement was terminated.

38. Despite due demand from Connolly, since the termination of the Commission Agreement, Defendants have failed to pay Connolly earned commissions (which continue to

5

accrue) that he is entitled to pursuant to the Commission Agreement in an amount currently estimated to exceed $310,000.

### FIRST CAUSE OF ACTION
*Failure to Pay Commissions In Violation of the SRRA, N.J. Stat. Ann. § 2A:61A-2*

39. Plaintiff repeats and realleges the allegations in paragraphs 1 through 38 inclusive as if fully set forth herein.

40. At all times relevant herein, Plaintiff was a "sales representative" within the meaning of the SRRA, N.J. Stat. Ann. § 2A:61A-1.

41. After giving notice of their intent to do so on March 2, 2023, Defendants terminated the Commission Agreement on April 1, 2023.

42. More than thirty days has passed since the Commission Agreement was terminated yet, in violation of the SRRA, N.J. Stat. Ann. § 2A:61A-2, Defendants have failed to pay and owe Plaintiff earned commissions that are continuing to accrue (in an amount to be proven at trial but currently estimated to be not less than $310,000) pursuant to the Commission Agreement.

43. As a result of Defendants' refusal and failure to pay Plaintiff his earned commissions under the Commission Agreement, Claimant is entitled, pursuant to the SRRA, N.J. Stat. Ann. § 2A:61:A-3, to all amounts due him under the Commission Agreement, exemplary damages in an amount equal to three times the commissions owed him under the Commission Agreement, and his costs and attorneys' fees.

### SECOND CAUSE OF ACTION
*Breach of Contract*

44. Plaintiff repeats and realleges the allegations in paragraphs 1 through 43 inclusive as if fully set forth herein.

45. The Commission Agreement is and was a valid and enforceable contract between Connolly and Defendants.

46. As a result of its aforesaid acts, Defendants breached the Commission Agreement by failing to pay the earned commissions Plaintiff is owed pursuant to its terms.

47. By reason of the foregoing, Plaintiff has been damaged in an amount to be proven at trial but currently estimated to be not less than $310,000, plus interest.

### THIRD CAUSE OF ACTION
*Quantum Meruit*

48. Plaintiff repeats and realleges the allegations in paragraphs 1 through 47 inclusive as if fully set forth herein.

49. Plaintiff rendered services on behalf of Defendants.

50. Defendants accepted and benefitted from Plaintiff's services.

51. Defendants have not adequately compensated Plaintiff for the value of those services.

52. By reason of the foregoing, Plaintiff has been damaged in an amount to be proven at trial but currently estimated to be not less than $310,000, plus interest.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendants:

(1) A declaratory judgment that:

    a. The Commission Agreement is and was a valid and enforceable contract between Plaintiff and Defendants;

    b. The Commission Agreement was terminated effective April 1, 2023 by Defendants for a reason other than "cause;" and

    c. Pursuant to the Commission Agreement, Connolly is entitled to commissions for business that he generated for the Company until April 1, 2025, provided his accounts have "continued business" and are "in good financial standing."

(2) Unpaid commissions in an amount to be proven at trial but currently estimated to exceed $310,000;

(3) Treble damages under the SRRA, N.J. Stat. Ann. § 2A:61:A-3, in an amount to be proven at trial but currently estimated to exceed $930,000;

(4) Attorneys' fees;

(5) Costs and disbursements;

(6) Interest; and

(7) Such other and further relief as is deemed just and proper.

Dated: New York, New York
       May 19, 2023                    BANTLE & LEVY LLP

                                      By:  *Robert L. Levy*
                                          Robert L. Levy (RL-1633)
                                          H. David Krauss (HK-4093)
                                          99 Park Avenue, Suite 1510
                                          New York, New York 10016
                                          Tel: (212) 228-9666
                                          levy@civilrightsfirm.com
                                          krauss@civilrightsfirm.com
                                          *Attorneys for Plaintiff Christopher Connolly*